# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

RONALD RENE GARRETT,

    Plaintiff,

v.                                                      No. 18-12844

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

## OPINION AND ORDER DISMISSING THE COMPLAINT IN PART AND ORDERING SERVICE OF THE COMPLAINT BY THE U.S. MARSHALS SERVICE

Plaintiff is a state prisoner currently incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan. He has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. #1) which alleges a variety of constitutional claims stemming from his purported failure to receive his prescribed diet of soft foods. He seeks monetary and declaratory relief. The court has reviewed the complaint and determines that it fails to state a claim against Defendant Michigan Department of Corrections (MDOC). Accordingly, the court will dismiss the Plaintiff's claims against Defendant MDOC and will order the U.S. Marshals Service to serve the complaint upon the remaining defendants.

## I. STANDARD

Plaintiff has been allowed to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a). When a plaintiff is authorized to proceed in forma pauperis, the court must dismiss the complaint if the action is frivolous, malicious, fails to state a claim, or seeks

monetary recovery from a party immune to such relief. 28 U.S.C. § 1915(e)(2)(B). "A complaint 'is frivolous where it lacks an arguable basis either in law or in fact.'" *Moore v. Trump*, No. 17-2192, 2018 U.S. App. LEXIS 18713, at *2 (6th Cir. July 9, 2018) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must show that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *See Handy-Clay v. City of Memphis,* 695 F.3d 531, 539 (6th Cir. 2012) (citing *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

## II. DISCUSSION

Plaintiff's constitutional claims against Defendant MDOC fail as a matter of law and must be dismissed. Defendant MDOC is not a "person" subject to suit under 42

2

U.S.C. § 1983, and thus the Eleventh Amendment bars Plaintiff's action against it. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) ("We have consistently held that neither MDOC nor the parole board is a 'person' that may be sued for money damages under § 1983"); *see also Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *Rodgers v. Michigan Dept. of Corrections,* 29 F. App'x. 259, 260 (6th Cir. 2002). Plaintiff's allegations that the remaining defendants deprived him of his prescribed soft food diet plausibly state a claim for deliberate indifference under the Eighth Amendment. *Petty v. Cty. of Franklin,* 478 F.3d 341 (6th Cir. 2007) (analyzing plaintiff's constitutional claims related to prison staff interfering with his prescribed diet); *see also Mullins v. Cranston*, No. 97-4492, 1999 U.S. App. LEXIS 32580 (6th Cir. Dec. 9, 1999) (same). Accordingly, Plaintiff's claims against the remaining defendants are sufficient to survive *sua sponte* dismissal at this stage.

Where a plaintiff is proceeding *in forma pauperis*, "the district court bears the responsibility for issuing the plaintiff's process to a United States Marshal who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint." *Williams v. McLemore*, 10 F. App'x. 241, 243 (6th Cir. 2001); *Byrd v. Stone*, 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d). The Court will order the United States Marshals Office to direct service towards Defendants Searfoss and Elizalde.

### III.  CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's complaint is DISMISSED IN PART. It is dismissed as to Defendant MDOC. IT IS FURTHER ORDERED that the United

States Marshals Service will serve the complaint upon the remaining defendants, Searfoss and Elizalde, without prepayment of fees.

                                                s/ Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: October 9, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 9, 2018, by electronic and/or ordinary mail.

                                                s/Lisa Wagner
                                                Case Manager and Deputy Clerk
                                                (810) 292-6522

S:\Cleland\Cleland\HEB\Habeas\18-12844.GARRET.HEB.docx