UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD RENE GARRETT,

        Plaintiff

v.

CORRECTION OFFICER SGT.
SEARFOSS and FOOD SERVICE
DIRECTOR ELIZALDE OF
TRINITY ASSN.

        Defendants.
_____/

Case No. 3:18-cv-12844
District Judge Robert H. Cleland
Magistrate Judge Anthony P. Patti

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DE 7)

This matter is before the Court for consideration of Plaintiff Ronald Rene Garrett's motion for the appointment of counsel. (DE 7.) For the reasons that follow, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

## I.    BACKGROUND

Plaintiff, a state prisoner who is proceeding *in forma pauperis*, brings this prisoner civil rights lawsuit alleging a variety of constitutional claims stemming from his purported failure to receive his prescribed diet of soft foods. (DE 1.) He seeks monetary and declaratory relief. (*Id.*) Defendant Michigan Department of Corrections has been dismissed (DE 5), and the two remaining defendants,

identified as Correction Officer Sgt. Searfoss and Food Service Director Elizalde of Trinity Assn., have not yet been served.

Plaintiff filed this motion for appointment of counsel on October 22, 2018. (DE 7.) In his motion, he asks the court to appoint an attorney in this civil matter because of his lack of money and legal experience, his limited access to the law library, and the complexity of the issues in this matter. This matter has been referred to me for all pretrial proceedings. (DE 11.)

## II. ANALYSIS

As a preliminary matter, although Plaintiff styles his motion as one for appointment of counsel, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court ***may request*** an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to ***recruit counsel*** under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent

prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel…. The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004).[1] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

3

Applying the foregoing authority, Plaintiff has not described circumstances sufficiently exceptional to justify a request for recruitment of counsel. First, his motion is somewhat premature. No defendant has been served in this matter. Second, Plaintiff contends that he "is unable to afford counsel," has "a limited knowledge of the law" and "[l]imited contact to those who have the knowledge of civil law (prisoners)," that he has limited time in the law library, and that the issues involved in this case are complex. (DE 7.) Such factors would apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and do not constitute exceptional circumstances. Most non-lawyers have only limited knowledge of the law. Further, despite Plaintiff's claim to the contrary, the claims in Plaintiff's complaint to not appear to be particularly complex and are ably described by Plaintiff. Moreover, Plaintiff's Complaint illustrates his ability to articulate his claims and adequately communicate his requests to the Court in a coherent manner, and even the instant motion is clear in outlining his reasons for requesting the appointment of counsel. (DEs 1, 7.) Finally, there is no indication that Plaintiff will be deprived of his physical liberty over and above his current sentence if he loses this civil case.

Accordingly, at this time, Plaintiff's motion to appoint counsel (DE 7) is **DENIED WITHOUT PREJUDICE.** Plaintiff may petition the Court for the

recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**

Dated: December 13, 2018		s/*Anthony P. Patti*
					Anthony P. Patti
					UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on December 13, 2018, electronically and/or by U.S. Mail.

					s/Michael Williams
					Case Manager for the
					Honorable Anthony P. Patti