UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD RENE GARRETT,

        Plaintiff                       Case No. 3:18-cv-12844
                                            District Judge Robert H. Cleland
v.                                         Magistrate Judge Anthony P. Patti

CORRECTION OFFICER SGT.
SEARFOSS and FOOD SERVICE
DIRECTOR ELIZALDE OF
TRINITY ASSN.

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY (DE 6) AND PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DE 9)

This matter is before the Court for consideration of Plaintiff Ronald Rene Garrett's motion for discovery (DE 6) and Plaintiff's motion for "default of judgment" (DE 9). For the reasons that follow, Plaintiff's motions are **DENIED**.

**A. Background**

Plaintiff, a state prisoner who is proceeding *in forma pauperis*, brings this prisoner civil rights lawsuit alleging a variety of constitutional claims stemming from his purported failure to receive his prescribed diet of soft foods. (DE 1.) He seeks monetary and declaratory relief. (*Id.*) Defendant Michigan Department of Corrections has been dismissed (DE 5), and the two remaining defendants, identified as Correction Officer Sgt. Searfoss and Food Service Director Elizalde

of Trinity Assn., have not yet been served. This matter has been referred to me for all pretrial proceedings. (DE 11.)

### B. Analysis

#### 1. Plaintiff's Motion for Discovery (DE 6)

On October 19, 2018, Plaintiff filed document titled "motion for discovery request for production of documents." (DE 7.) In this motion, he asks the Court to order Defendants to produce, pursuant to Rule 34, documents responsive to eight requests. (*Id.*) Plaintiff's motion is denied for several reasons.

First, any request for discovery from Defendants at this time is premature, as they have not yet been served with process in this lawsuit. Second, after Defendants are properly served, to obtain documents, Plaintiff is required to follow the discovery process outlined in the Federal Rules of Civil Procedure. Rule 34 requires a party to request documents, after which the party to whom the request is made has thirty days to either provide the documents or to object to doing so, with reasons given as to the grounds for the objection(s). This stage of the process does not involve the Court. And, pursuant to Fed. R. Civ. P. 5, requests for documents "must not be filed until they are used in the proceedings or the court orders filing…." Fed. R. Civ. P. 5(d); *see also* E.D. Mich. LR 26.2.

Accordingly, Plaintiff's motion for discovery (DE 6) is **DENIED**. In order to obtain such documents, the defendants must first be duly served in this lawsuit,

and then Plaintiff must follow the discovery process outlined in the Federal Rules of Civil Procedure. Any further attempts to file discovery requests in violation of Rule 5 and Local Rule 26.2 will be **STRICKEN** from the Court's docket.

**2. Plaintiff's Motion for Default of Judgment (DE 9)**

On November 30, 2018, Plaintiff filed a motion for a default judgment/request for entry of default. (DE 9.) In this motion, Plaintiff requests that the Clerk enter default against Defendants Searfoss and Elizalde "for failure to respond to motion for discovery, request for production of documents" and for "failure to plead or otherwise defend as provided by the Federal Rules of Civil Procedure." (*Id.*)

A default judgment would be improper for a number of reasons. First, Defendants Searfoss and Elizalde have not been served with Plaintiff's Complaint at this time and therefore no answer is required. *See* Fed. R. Civ. P. 4. And, as explained above, because defendants have not been served, Plaintiff's request for discovery is premature. After defendants are duly served, Plaintiff may serve discovery requests on them in accordance with the Federal Rules of Civil Procedure.

Further, Plaintiff filed this action *in forma pauperis* under the Prisoner Litigation Reform Act ("PLRA"), which provides in relevant part as follows:

**(g) Waiver of reply**

> **(1)** Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
>
> **(2)** The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. § 1997e(g). As such, even when Defendants are served, they are only required to file an answer if the Court so orders.

Accordingly, for all these reasons, Plaintiff's motion for default of judgment (DE 9) is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 13, 2018         s/*Anthony P. Patti*
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE


## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on December 13, 2018, electronically and/or by U.S. Mail.

                                 s/Michael Williams
                                 Case Manager for the
                                 Honorable Anthony P. Patti

4