UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD RENE GARRETT,

        Plaintiff

v.

CORRECTION OFFICER SGT.
SEARFOSS and FOOD
SERVICE DIRECTOR
ELIZALDE OF TRINITY
ASSN.,

        Defendants.

Case No. 3:18-cv-12844
District Judge Robert H. Cleland
Magistrate Judge Anthony P. Patti

_____/

**REPORT AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE PLAINTIFF'S CLAIMS AGAINST DEFENDANT FOOD SERVICE DIRECTOR ELIZALDE OF TRINITY ASSN. FOR FAILURE TO EFFECT TIMELY SERVICE AND FOR FAILURE TO SHOW CAUSE**

**I.**    **RECOMMENDATION**: The Court should dismiss Plaintiff's claims against Defendant Food Service Director Elizalde of Trinity Assn. without prejudice for failure to comply with Fed. R. Civ. P. 4 and for Plaintiff's failure to show cause.

**II.**    **REPORT:**

   **A.**    **Background**

Plaintiff Ronald Rene Garrett was a state prisoner at the time he filed this prisoner civil rights lawsuit on September 12, 2018, but he has since been paroled.

(DEs 1, 18.) Plaintiff's Complaint alleges a variety of constitutional claims stemming from his purported failure to receive his prescribed diet of soft foods during his incarceration at Central Michigan Correctional Facility (STF), and seeks monetary and declaratory relief. (DE 1.) Judge Cleland has referred this case to me for all pretrial proceedings. (DE 11.)

On September 17, 2018, the Court granted Plaintiff's application to proceed without prepaying fees or costs. (DE 3.) On October 9, 2018, the Court entered an order: (1) dismissing Plaintiff's complaint against Defendant Michigan Department of Corrections for failure to state a claim; and, (2) ordering the U.S. Marshals Service (USMS) to serve the two remaining defendants, identified as Correction Officer Sgt. Searfoss ("Searfoss") and Food Service Director Elizalde of Trinity Assn. ("Elizalde"). (DE 5.) The Court subsequently entered an order on February 20, 2019: (1) granting Plaintiff's motion to extend time for service for an additional 90 days; and, (2) ordering the USMS to promptly serve the complaint upon the remaining defendants, Searfoss and Elizalde, without prepayment of fees. (DE 16.) An executed waiver of service was subsequently returned for Defendant Searfoss on March 12, 2019. (DE 17.) However, Defendant Elizalde remained unserved, and the time for service expired.

**B.     The Court's Order to Show Cause**

On June 10, 2019, the Defendant Elizalde having yet to appear, Plaintiff not having filed a proof of service of the summons and complaint upon Defendant Elizalde, and Plaintiff having been required to serve Defendant Elizalde by (approximately) May 21, 2019 (s*ee* Fed. R. Civ. P. 4(c), 4(e), 4(l), and 4(m)), I entered an order requiring Plaintiff to show cause "**IN WRITING ON OR BEFORE JUNE 24, 2019**" why this case should not be dismissed for failure to comply with Fed. R. Civ. P. 4.  (DE 20 (emphasis in original).)  In particular, Plaintiff was cautioned that "[i]n the event that [he] fails to provide good cause, the Court will issue a Report and Recommendation that Plaintiff's claims against Defendant Elizalde be dismissed without prejudice." (*Id.* at 3.)

To date, Plaintiff has not filed a written response to the Court's show cause order, and Defendant Elizalde remains unserved.

C. **Discussion**

The docket indicates that copies of the Court's orders (DEs 3, 5, 11, 12, 13, 16 and 20) were served upon Plaintiff at his address of record at the time each Order was entered.  Moreover, the Clerk's Office served Plaintiff with a "Notice Regarding Parties' Responsibility to Notify Court of Address Change" (DE 8), and Plaintiff submitted two Notices of Change of Address.  (DEs 15, 18.)  There is no indication on the docket that any of these attempts at service were returned as undeliverable.

3

Plaintiff having been ordered to show cause, having failed to show cause, and, further, having failed to comply with Fed. R Civ. P. 4 as to Defendant Elizalde, the Court should dismiss Plaintiff's claims against Defendant Elizalde without prejudice. Fed. R. Civ. P. 4(m).

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: August 23, 2019   s/*Anthony P. Patti*
　　　　　　　　　　　　　　Anthony P. Patti
　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on August 23, 2019, electronically and/or by U.S. Mail.

　　　　　　　　　　　　　　s/Michael Williams
　　　　　　　　　　　　　　Case Manager for the
　　　　　　　　　　　　　　Honorable Anthony P. Patti