UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD RENE GARRETT,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

        Defendants.
_____/

Case No. 3:18-cv-12844
District Judge Robert H. Cleland
Magistrate Judge Anthony P. Patti

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT UNDER FED. R. CIV. P. 56(a) (ECF No. 26)

**I.**    **RECOMMENDATION**: The Court should **GRANT** Defendant George Searfoss's motion for summary judgment (ECF No. 26), and with no remaining defendants or claims, dismiss the case.

**II.**    **REPORT**

    **A.**    **Background**

        **1.**    **Factual Background**

Plaintiff Ronald Rene Garrett, proceeding *in pro per*, filed the instant lawsuit under 42 U.S.C. § 1983 on September 12, 2018, while incarcerated at Central

Michigan Correctional Facility (STF). (ECF No. 1.)[1] He claims violations of his Seventh Amendment rights, Fifth and Fourteenth Amendment due process rights, and Eighth Amendment right to be free from cruel and unusual punishment. (ECF No. 1, PageID.3-6.)[2]

Plaintiff originally named three Defendants in his suit, but only one—Corrections Officer George Searfoss—remains.[3] The underlying facts, as Plaintiff alleges against Defendant Searfoss (hereinafter Searfoss), are as follows. On June 1, 2018, while incarcerated at STF, Plaintiff learned that Searfoss had removed him

---

[1] Plaintiff is currently on parole. *See Offender Search*, MICHIGAN DEPARTMENT OF CORRECTIONS, www.michigan.gov/corrections.

[2] Plaintiff's complaint may be considered an unsworn declaration under 28 U.S.C. § 1746 because he states: "I have read the foregoing Complaint and hereby verify that the matters alleged there in are ture [sic], except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under perjury that the foregoing is true and correct." (ECF No. 1, PageID.8.)

[3] In an opinion and order entered on October 9, 2018, the Court dismissed the Michigan Department of Corrections (MDOC) from the lawsuit because the MDOC is not considered a "person" subject to suit under 42 U.S.C. § 1983 (ECF No. 5, PageID.30-32), but stated:

> Plaintiff's allegations that the remaining defendants deprived him of his prescribed soft food diet plausibly state a claim for deliberate indifference under the Eighth Amendment. Accordingly, Plaintiff's claims against the remaining defendants are sufficient to survive *sua sponte* dismissal at this stage.

(ECF No. 5, PageID.32 (internal citations omitted.)) Subsequently, however, the Court dismissed without prejudice Defendant Food Service Director Elizalde of Trinity Assn. under Fed. R. Civ. P. 4. (ECF Nos. 21 & 23.)

2

from the soft food diet prescribed after having teeth pulled "by taking the slips of the soft food diet away from the diet food cooks that prepare the diet trays telling them '<u>diet cooks</u>' that the plaintiff is no longer getting his soft food diet." (ECF No. 1, PageID.4.)  As a result, he was forced to eat hard food that caused him pain. (ECF No. 1, PageID.5.)  According to Plaintiff, he was neither provided an explanation for the cancellation of his diet prescription, nor seen by a medical practitioner prior to that cancellation, as required by Policy Directive 04.06.160. (ECF No. 1, PageID.5.)

##      2.      Instant Motion

On February 27, 2020, Searfoss filed the instant summary judgment motion pursuant to Fed. R. Civ. P. 56(a), challenging the facts as alleged by Plaintiff and asserting entitlement to summary judgment on Plaintiff's Eighth and Fourteenth Amendment claims against him.  (ECF No. 26.)  Specifically, Searfoss asserts, attaching Plaintiff's deposition transcript and medical records, that following the removal of two of Plaintiff's teeth on May 4, 2018, Plaintiff was prescribed a sixty-day soft food diet, and that on June 5, 2018, Plaintiff's dentist, Dr. Julius Sonkiss, *not* Searfoss, cancelled the prescription after STF staff observed Plaintiff getting food from both the soft and regular food lines.  (ECF No. 26, PageID.100-101.)  On the basis of these facts, Searfoss argues that the Court should grant him summary judgment because: (1) he is entitled to qualified immunity; (2) Plaintiff

cannot establish genuine issues of material fact regarding the Eighth Amendment cruel and unusual punishment or due process claims against him; and (3) he is entitled to Eleventh Amendment immunity to the extent sued in his official capacity. (ECF No. 26, PageID.102-110.)

**B.  Standard**

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists . . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d

4

446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The nonmoving party "must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must . . . do more than simply show that there is some metaphysical doubt as to the material facts[.] . . . [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citations omitted). "Such evidence submitted in opposition to a motion for summary judgment must be admissible." *Alexander*, 576 F.3d at 558 (internal quotation marks and citations omitted). In other words, summary judgment is appropriate when the motion "is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case[.] . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The fact that Plaintiff is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). In addition, "[o]nce a case has progressed to the summary

5

judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz* [*v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.'" *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).  The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter [this] duty on a summary judgment motion."  *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a *pro se* plaintiff because he "failed to present any evidence to defeat the government's motion").

### C. Discussion

#### 1. Searfoss's motion for summary judgment is unopposed

Searfoss filed his motion for summary judgment on February 27, 2020. (ECF No. 26.)  "A respondent opposing a motion must file a response, including a brief and supporting documents then available."  E.D. Mich. Local Rule 7.1(c)(1). "A response to a dispositive motion must be filed within 21 days after service of the motion."  E.D. Mich. LR 7.1(e)(1)(B).  Therefore, Plaintiff's response would ordinarily have been due on or about March 19, 2020.  Fed. R. Civ. P. 6(a) and (d).

On March 11, 2020, I entered an order which required Plaintiff to file a response on or before April 10, 2020 (ECF No. 27) but extended the date for a response to June 15, 2020 (ECF No. 29), upon Plaintiff's request (ECF No. 28). The Court's orders regarding the briefing schedule were not returned as undeliverable, so it is presumed that Plaintiff received them. To date, no response has been filed. Thus, the motion is unopposed.

Nonetheless, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). "The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." *Id*.

> **2.    The Court should grant summary judgment on Plaintiff's claims against Searfoss because, from the evidence presented, no reasonable jury could find that Searfoss was personally involved in the decision to cancel Plaintiff's soft food diet**

In his complaint, Plaintiff claims violations of his Seventh Amendment rights, Fifth and Fourteenth Amendment due process rights, and Eighth Amendment right to be free from cruel and unusual punishment (ECF No. 1, PageID.3.) However, it is unclear which claims he directs at which Defendants. As Plaintiff makes no allegations that Searfoss violated his Seventh Amendment

7

right to a civil jury trial, the Court should grant summary judgment on that claim with no further analysis.

Plaintiff does state specific allegations related to his due process and Eighth Amendment claims in his complaint (ECF No. 1, PageID.4-6), but the Court only explicitly addressed the Eighth Amendment claim with respect to Searfoss in its opinion and order dismissing the MDOC from the lawsuit, stating:

> Plaintiff's allegations that the remaining defendants deprived him of his prescribed soft food diet plausibly state a claim for deliberate indifference under the Eighth Amendment. Accordingly, Plaintiff's claims against the remaining defendants are sufficient to survive *sua sponte* dismissal at this stage.

(ECF No. 5, PageID.32 (internal citations omitted).) Nevertheless, Searfoss addresses both Plaintiff's due process and Eighth Amendment claims in his summary judgment motion, so I will do the same.

### a. Eighth Amendment deliberate indifference

Plaintiff alleges that Searfoss removed him from his prescribed soft food diet less than one month after having his teeth pulled, in violation of his right to be free from cruel and unusual punishment under the Eighth Amendment. (ECF No. 1, PageID.3-6.) Under the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*,

511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

The Supreme Court has set forth two requirements to show a violation of the Eighth Amendment—one objective and one subjective. "First, the deprivation alleged must be, objectively, 'sufficiently serious[.]' . . . [A] prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities[.]'" *Id*. at 834 (citations omitted). In the medical context, which encompasses dentistry, *McCarthy v. Maitland Place, D.D.S.*, 313 F. App'x 810, 814 (6th Cir. 2008), "[t]he objective component requires a plaintiff to show the existence of a 'sufficiently serious' medical need," *Phillips v. Roane City, Tenn.*, 534 F.3d 531, 539 (6th Cir. 2008) (citing *Farmer*, 511 U.S. at 834). "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious even a lay person would easily recognize the necessity for a doctor's attention." *Richmond v. Huq*, 885 F.3d 928, 938 (6th Cir. 2008) (quotation marks and citations omitted).

> The subjective component requires a showing that the official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety. [T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. An express intent to inflict unnecessary pain is not required. Rather, obduracy and wantonness are required to make a showing of deliberate indifference. [A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for condemnation, cannot under our cases be condemned as the infliction of punishment.

9

*Richmond*, 885 F.3d at 939 (internal quotation marks and citations omitted; alterations in original). On the continuum of conduct, deliberate indifference is something greater than mere negligence and less than purposeful or knowing conduct—it is the "equivalent of recklessly disregarding" a serious risk of harm to the prisoner. *Farmer*, 511 U.S. at 836.

Viewing the evidence presented in a light most favorable to Plaintiff – even if the objective component of Plaintiff's Eighth Amendment claim is accepted[4] *arguendo* – Plaintiff has failed to demonstrate a genuine issue of material fact that Searfoss acted with deliberate indifference by removing him from the soft food diet, as Plaintiff alleges. Instead, the evidence clearly demonstrates that Dr. Sonkiss, who is not a party to this lawsuit, cancelled Plaintiff's soft food diet prescription.

In support of his arguments, Searfoss presents Plaintiff's medical records, which show: (1) that Dr. Sonkiss ordered a soft food diet for Plaintiff to begin on May 4, 2018, and end on July 5, 2018; (2) a clinical note dated June 5, 2018, which states, "Inmate observed by a C/O going through the chow line once to get his soft

---

[4] Searfoss challenges the objective component in his summary judgment motion, asserting that mere discomfort when chewing food is not an excessive risk to health and safety, and that "because staff observed [Plaintiff] deceptively eating from the regular food line, it would have been reasonable for Searfoss to conclude that no 'excessive risk to . . . health and safety' would come from [Plaintiff] being removed from the soft-food diet." (ECF No. 26, PageID.105-106.)

food diet (not swiping his card) then going back through the line a second time swiping his card to get a regular tray"; and (3) that Dr. Sonkiss then cancelled Plaintiff's soft food medical accommodation on June 5, 2018. (Plaintiff's Medical Records, Exhibit B, ECF No. 26-3.) From this evidence, the Court should conclude that Searfoss satisfied his initial burden of proving a lack of factual dispute with respect to the subjective component of the deliberate indifference alleged – that he knew of and disregarded a substantial risk to Plaintiff's health by removing Plaintiff from his soft food diet. *See Stansbury*, 651 F.3d at 486; *Richmond*, 885 F.3d at 939. According to the medical records, an unidentified corrections officer reported Plaintiff's "chow line" misconduct, but Dr. Sonkiss made the ultimate decision to cancel Plaintiff's prescribed diet.

      Plaintiff himself has presented no evidence contradicting the medical record (or any evidence at all for that matter). Nor does Plaintiff's deposition testimony, also produced by Searfoss in support of his motion for summary judgment, create a genuine issue of material fact regarding Searfoss's involvement in Plaintiff's removal from the soft food diet. Plaintiff testified that on June 1, 2018, while in the food hall for lunch, the prisoner serving the soft food told him that the Food Service Director and Searfoss took his diet slips down and that, as a result, he would have to go through the regular food line. (Plaintiff's Dep. Tr., Exhibit A, ECF No. 26-2, PageID.142-143.) Further, Plaintiff testified that when he

11

confronted Searfoss, Searfoss explained that he had been removed from the diet because that morning he had walked through both diet lines in the food hall. (Exhibit A, ECF No. 26-2, PageID.144-146.)

All this testimony demonstrates is that Searfoss may have enforced Dr. Sonkiss's cancellation of Plaintiff's soft food diet prescription. It does *not* contradict, however, the evidence showing that Dr. Sonkiss made the decision to cancel the prescription, which is the action Plaintiff alleges amounted to deliberate indifference in violation of the Eighth Amendment. Nor does it prove that Searfoss made the report about Plaintiff's morning activities, although even if he had, the basis of his liability is not apparent and it would not, in and of itself, equate to an Eighth Amendment violation. Indeed, Plaintiff claims a violation of his Eighth Amendment rights against Searfoss based on allegations that Searfoss removed him from the diet, not that he reported Plaintiff or enforced Sonkiss's decision. (*See* ECF No. 1, PageID.4.) Moreover, this allegation appears on its face to be based on hearsay, which is insufficient to create a genuine issue of material fact and defeat a summary judgment motion. *See Alexander*, 576 F.3d at 558. And when asked at his deposition if he had any other evidence that Searfoss, specifically, removed him from the soft food diet, Plaintiff said no, he just heard it from the inmate serving food. (Exhibit A, ECF No. 26-2, PageID.152-155.) In contrast, Plaintiff's authenticated MDOC medical record, which comes into

evidence under an exception to the hearsay rule, establishes that Searfoss did not make the decision of which Plaintiff complains. (ECF Nos. 26-3 & 26-4.) Fed. R. Evid. 803(6). Accordingly, Plaintiff fails to demonstrate any genuine factual dispute with regard to his allegations of deliberate indifference against Searfoss, and the Court should conclude Searfoss is entitled to summary judgment on Plaintiff's Eighth Amendment claim.

### b. Due process

Though he claims a general violation of due process in his complaint, Plaintiff appears to assert a procedural as opposed to substantive due process claim. Specifically, he alleges that he was removed from his soft food diet prior to expiration of the original prescription with neither an explanation nor an examination by a medical practitioner, contrary to PD 04.06.160. (ECF No. 1, PageID.5.) Assuming, without deciding, that Plaintiff brings this claim against Searfoss, and that the claim survived the Court's initial screening, for the same reason as provided above, the Court should grant summary judgment.

> The Fourteenth Amendment of the United States Constitution protects individuals from the deprivation "of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. The clause has both a substantive and procedural component. Procedural due process is traditionally viewed as the requirement that the government provide a "fair procedure" when depriving someone of life, liberty, or property[.]

13

*EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012).  To prove a claim of procedural due process, a plaintiff must show that "(1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest." *Id*.  Searfoss challenges the first two elements in his summary judgment motion.  (ECF No. 26, PageID.107-108.)  Moreover, "[i]n the specific context of a § 1983 action, the non-moving party must demonstrate a genuine issue of material fact as to the following two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) [that] the deprivation was caused by a person acting under color of state law."  *Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005) (quotation marks and citations omitted; alteration in original).

      Even assuming, *arguendo*, that Plaintiff had a protected interest in his soft food diet prescription, as provided in detail above, he fails to establish a genuine issue of material fact that Searfoss, specifically, deprived him of that interest without adequate process.  Again, the evidence presented clearly demonstrates, contrary to Plaintiff's allegations, that Dr. Sonkiss, not Searfoss, cancelled the prescription. (Exhibit B, ECF No. 26-3.)  Accordingly, the Court should conclude that Searfoss is entitled to summary judgment on Plaintiff's due process claim.

                              **c.**      **Qualified immunity**

Searfoss also asserts entitlement to summary judgment on the basis of qualified immunity. Section 1983 claims are subject to the affirmative defense of qualified immunity. *Regets v. City of Plymouth*, 568 F. App'x 380, 386 (6th Cir. 2014). The doctrine of qualified immunity shields government officials performing discretionary functions from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Stoudemire v. Mich. Dep't of Corrections*, 705 F.3d 560, 567 (6th Cir. 2013) (quotation marks and citations omitted). "In resolving a government official's qualified immunity claims, we look to whether (1) the facts that the plaintiff has alleged or shown establish the violation of a constitutional right, and (2) the right at issue was 'clearly established' at the time of the alleged misconduct." *Id*. "A defendant bears the initial burden of putting forth facts that suggest that he was acting within the scope of his discretionary authority." *Id*. at 568. But ultimately, "the burden of proof is on the plaintiff to show that the defendants are not entitled to qualified immunity." *Id*. (quotation marks and citation omitted).

As Plaintiff has failed to demonstrate a genuine issue of material fact regarding whether Searfoss committed any constitutional harm against him, described in detail above, the Court should conclude that Searfoss is entitled to qualified immunity.

15

### 3. Finally, to the extent sued in his official capacity, Searfoss is entitled to Eleventh Amendment immunity

Finally, Searfoss argues he is entitled to Eleventh Amendment immunity to the extent sued in his official capacity. (ECF No. 26, PageID.108-110.) The Eleventh Amendment applies to a suit brought against a state by one of its own citizens. *Ex Parte Young*, 209 U.S. 123 (1908). The Eleventh Amendment describes the contours of sovereign immunity, providing that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. This means that "[t]he Eleventh Amendment bars § 1983 suits against a state, its agencies, and its officials sued in their official capacities for damages." *Cady v. Arenac Cty.*, 574 F.3d 334, 342 (6th Cir. 2009). These officials include MDOC officials. *McCoy v. State of Mich.*, 369 F. App'x 646, 653 (6th Cir. 2010) ("Because sovereign immunity extends to 'state instrumentalities,' and the MDOC is 'an arm of the State of Michigan,' the MDOC is entitled to sovereign immunity on the § 1983 claim as well." (citations omitted)).

Searfoss asserts that he was an MDOC employee during the relevant time period, which Plaintiff does not dispute, and the State has not consented to suit. (ECF No. 26, PageID.109-110.) Thus, to the extent Plaintiff sues Searfoss in his official capacity (*see* ECF No. 1, PageID.1-2), he is immune from suit.

## D. Conclusion

The Court should **GRANT** Defendant Searfoss's motion for summary judgment (ECF No. 26), and with no remaining defendants or claims, dismiss the case.

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  July 13, 2020                              s/*Anthony P. Patti*
                                                 Anthony P. Patti
                                                 UNITED STATES MAGISTRATE JUDGE